IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J. ALLEN JARBOE, as Trustee of the TREADSTONE REVOCABLE TRUST, dated December 17, 2007, <br><br> Plaintiff, <br><br> v. <br><br> HUNTINGTON FOAM CORP., HUNTINGTON FOAM MEXICANO, INC., AND HUNTINGTON FOAM OF MEXICO, INC., <br><br> Defendants. | Civil Action No.: 07-1689 <br><br> Magistrate Judge Lisa Pupo Lenihan |

## FIRST AMENDED COMPLAINT

J. Allen Jarboe, as Trustee of the Treadstone Revocable Trust dated December 17, 2007 ("Plaintiff"), by and through his undersigned counsel, files this complaint against Huntington Foam Corp., Huntington Foam Mexicano, Inc., and Huntington Foam of Mexico, Inc., on grounds of which the following is a statement.

### JURISDICTION AND VENUE

1.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### PARTIES

3.  Plaintiff is Trustee of the Treadstone Revocable Trust dated December 17, 2007 (the "Trust"). Plaintiff is a resident of the state of Texas with a business address of 717 N. Harwood Street, Suite 2630, Dallas, Texas 75201.

4. Defendant Huntington Foam Corp. ("Huntington Foam") is a corporation existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 11 Industrial Park Drive, Brockway, Pennsylvania 15824.

5. Defendant Huntington Foam Mexicano, Inc. ("Huntington Mexicano") is a corporation existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 11 Industrial Park Drive, Brockway, Pennsylvania 15824.

6. Defendant Huntington Foam of Mexico, Inc. ("Huntington Mexico", together with Huntington Foam and Huntington Mexicano, "Defendants" or "Borrower") is a corporation existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 11 Industrial Park Drive, Brockway, Pennsylvania 15824.

## FACTUAL BACKGROUND

7. Defendants and National City Bank, successor to National City Bank of Pennsylvania ("Original Lender") were parties to that certain Credit Agreement, dated October 1, 2004 (as amended and modified, the "Credit Agreement"), a true and correct copy of which is attached to this Complaint as Exhibit "A" pursuant to which Original Lender agreed to make certain loans (the "Loans") to the Borrower.

8. Original Lender sold, conveyed and assigned the Credit Agreement and all obligations, related loan documents, and the security interests in the Collateral (as defined below) to Treadstone Capital Management, LP ("Treadstone").

9. Treadstone assigned and transferred title to the Credit Agreement and all related property, interests and documents to the Trust. A true and correct copy of the Memorandum of Trust of Treadstone Trust is attached hereto as Exhibit "B".

10. The Loans are comprised of: (a) that certain Multiple Draw Term Note, dated October 1, 2004, in the original maximum principal amount of $5,500,000.00 (as amended and

modified, the "Term Note"), (b) that certain Commercial Note: Demand Line of Credit, dated October 1, 2004, in the original maximum principal amount of $6,500,000.00 (as amended and modified, the "Revolving Note", collectively with the Term Note, the "Notes"). True and correct copies of the Notes are attached to this Complaint as Exhibit "C" and "D".

11. The Borrower is in default under the terms of the Credit Agreement. Treadstone accelerated the Loans and demanded payment of the Loans in full, plus accrued interest, fees and expenses.

12. As of December 7, 2007, a total amount of $10,775,204.64, plus interest, attorneys' fees, expenses and late fees is due and owing under the Credit Agreement (collectively the "Obligations"), broken down as follows:

|  | Interest | Principal | Total |
| --- | --- | --- | --- |
| Term Note | $42,320.24 | $4,117,644.81 | $4,159,965.05 |
| Revolving Note | $64,481.83 | $6,550,757.76 | $6,615,239.59 |

13. Interest continues to accrue on the Obligations at the default rate of interest as set forth in the Credit Agreement.

14. As security for the Obligations, pursuant to the Credit Agreement and those certain Security Agreements dated (a) October 1, 2004; (b) June 29, 2005; and (c) June 29, 2005 executed by the Original Lender and Huntington Foam, Huntington Mexicano and Huntington Mexico, respectively (as the same may have been amended, modified, supplemented and/or renewed, the "Security Agreements", true and correct copies of which are attached to this Complaint as Exhibits "E" "F" and "G"), Borrowers granted to Original Lender a security interest in substantially all of their business assets, including but not limited to all accounts, equipment, inventory, chattel paper, general intangibles, deposit accounts, documents, instruments, goods, fixtures letter-of-credit rights, all property in which Borrower had or

thereafter acquired an interest, together with all books and records, attachments, accessories, replacements, additions and substitutions therefore (the "Personal Property"). Pursuant to that certain Open-End Mortgage and Security Agreement dated as of October 1, 2004 (the "Mortgage", a true and correct copy of which is attached to this Complaint as Exhibit "H"), Borrower also granted Original Lender a security interest and lien in a certain parcel of real property known as Lot 1 of Tract 2, Industrial Park South No. 9, being a replat of part of Tract 2, Industrial Park South No. 9, an Addition to the City of Fort Smith, Arkansas, according to the replat filed March 7, 2003, less and except minerals and mineral rights (the "Real Property", together with the Personal Property, the "Collateral").

15. Original Lender duly perfected its security interest in the Collateral by filing UCC-1 financing statements and recorded the Mortgage in the appropriate recorder of deeds.

16. By virtue of the assignment from Original Lender, Treadstone had a first priority security interest in all of the Collateral. By virtue of the assignment to the Trust, the Trust holds a first priority security interest in all of the Collateral.

17. Despite Treadstone's demand for payment, Borrower failed and refused to pay the amounts due under the Credit Agreement.

**WHEREFORE**, Plaintiff demands judgment against Huntington Foam Corp., Huntington Foam Mexicano, Inc., and Huntington Foam of Mexico, Inc. for $10,775,204.64 plus default interest, attorneys' fees, expenses and late fees through December 7, 2007, plus interest, fees and expenses thereafter due the Trust from Borrower under the Credit Agreement, foreclosure of its security interest in the Collateral together with such other relief as is just and equitable under the circumstances.

Respectfully submitted,

Dated: December 17, 2007

**BUCHANAN INGERSOLL & ROONEY PC**

By:  <u>Timothy P. Palmer</u>
    Christopher P. Schueller
    Timothy P. Palmer
    One Oxford Centre
    301 Grant Street, 20th Floor
    Pittsburgh, PA 15219
    Tel: (412) 562-8432
    Fax: (412) 562-1041

Attorneys for Plaintiff